Scott, J.
The indictment in this case is under the twenty-second section of the crimes act, as amended by the act of March 24, 1865 (O. L., vol. 62, pages 60, 61). This section defines and provides for the punishment of forgery, and the uttering and publishing of false or forged instruments therein specified.
The first four counts charge the defendant below with falsely making a forged transfer of property, to wit, of a bill of exchange, by falsely indorsing thereon the name of “ Drake & Brothers.”
The bill in question is set out in each count of the indictment, and purports to be payable to the order of “ JBlaJce Brothers,” and had not been indorsed by the payees. “ Drake & Brothers ” were strangers to the bill, and the indorsement of their names thereon, if genuine, could not have operated as a transfer of it. No indorsement save that of the names of the payees could have the effect of transferring the title to the bill, and the indorsement alleged to have been falsely made purported to be of quite a different character. The oral representation of the defendant, that he was indorsing the name of the payees (which the face of the bill clearly showed to be false), cannot constitute the crime of forgery. Nor can the character or effect of the indorsement actually made by the defendant be at all affected by the mistaken belief of the bank officers that he was making an indorsement of a wholly different kind. We think these four counts of the indictment are clearly insufficient, and that there was error, to the prejudice of the defendant below, in the charge of the court on this subject.
But there is another defect which, we conceive, is fatal to all the counts of this indictment. To constitute the crime of *217 forgery, or of uttering or publishing as true and genuine, etc., as defined by the statute, the criminal act must be done “ with intent to prejudice, damage, or defraud some person or persons, body corporate or politic, or a military body organized under the laws of this State.” This intent is an essential ingredient of the crime, and must therefore be stated, and charged in the body of the indictment, in a direct and positive manner. In none of the counts of the indictment in this case is the criminal intent averred as a direct finding of the grand jury from the evidence before them, but only by way of legal inference, deduced from the facts previously found. The intent is only stated in the concluding part of the indictment, and is preceded in every instance by the words u And so, the grand jurors aforesaid, upon their oaths aforesaid, do find,” etc. That this mode of stating a material ingredient of an offence, not by direct averment, but as a conclusión from the facts directly found, is insufficient, was held by this court, upon full consideration, in the case of Fauts v. The State, 8 Ohio St. 98. And that holding has been uniformly followed in many eases since brought befort us, in which the same question arose. The court, therefore, erred in overruling the motion in arrest of judgment.

Judgment reversed and cause rema/nded.

Brinkerhoff, C.J., and Welch, White, and Day, JJ., concurred.